WILLIAM HEWERKLE AND OTHERS, PLAINTIFFS IN ERROR v. GAGE COUNTY, DEFENDANT IN ERROR.

County: LIABILITY FOR COSTS. The county is not liable for defendant's witness costs, where he is indicted for a felony.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*J. A. Smith,* for plaintiff in error, cited Const., Art. I, Sec. 11. Comp. Stat., Sec. 437, p. 730. Id., Sec. 541*a,* p. 746.

*Colby & Hazlett,* for defendant in error.

COBB, J.

Without stopping to inquire into the question of practice suggested by counsel for appellants in their brief, we will proceed to the examination of the case on its merits. The question is correctly stated by counsel: "Is the county liable for defendants' witness costs where they are indicted

for a felony." Appellant cites Sec. 2, Art. 1 of the Constitution. Among the rights guaranteed by that section are the right to "appear and defend in person or by counsel," and "to have process to compel the attendance of witnesses in his behalf." Appellant also cites Sec. 437, Comp. S., p. 730, which provides for the assignment and payment of counsel when defendant is unable to employ and pay the same in all cases of prosecutions for felony, for the purpose, as we suppose, of showing or illustrating that the legislature, having made a provision carrying one clause or portion of the section into effect, it should be construed as carrying the balance of the section into effect in the same manner and as giving it a similar construction. We not only do not agree to this conclusion, but if this action of the legislature be taken to prove anything on the subject now under consideration, it must be taken to prove the very reverse, that the legislature, having passed a law for the payment of the counsel mentioned in the section of the constitution, it would, while considering the section, certainly have provided for the payment of the witnesses therein named, had it been the legislative construction of the constitution that the costs of the defendants witnesses were to be paid by the county. But the constitution deals only with the matters of right, while the law provides for the payment of counsel for certain defendants in criminal cases, not as a matter of right, but of charity, and limits its application to such defendants as are unable to employ and pay counsel.

Again, if it be conceded that it was the intention of the framers of the constitution to make it the duty of the legislature to provide for the payment of the costs of the witnesses of all persons indicted for felonies, it will also be obvious that until that duty is discharged by the legislature, the right thereto on the part of the citizen remains suspended. It cannot be claimed to be one of those rights which vindicate themselves and can be enjoyed without

further grant or limitation by the law-making power. The writer cannot conceive that it could have been the intention of the experienced men who framed the constitution, to place within the uncontrolled hand of every male factor the power to inundate the streets of the county seat, where he is about to be tried for crime, with his friends from the four corners of the state under the pay of the county, upon pretense that they are his witnesses.

But it cannot be claimed, upon any reasonable construction of the language of the constitutional provision in question, that it was the intention of its framers to make it the duty of the legislature to provide for the payment of defendants' witnesses in such cases, and, however that may be, they certainly have never done it.

It is true there is upon the statute book an act providing "that the fees of all the witnesses in criminal cases in the district court shall be paid by the county wherein the indictment is found." Comp. Stat., Sec. 541a, p. 746. But the object and purpose of this act evidently was to settle as between the county from which, and the one to which, a criminal case had been removed on change of venue, which should pay the witness fees for which either county was liable and not to create or declare any new liability. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.